## Crummies Creek Coal Co. v. Taylor et al.

May 31, 1940.

James M. Gilbert, Judge.

William Sampson for appellant.

J. L. Williams for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The question for decision presented by this appeal is whether the employment by a litigant of an assistant attorney general of the Commonwealth to represent him in the prosecution of a claim for compensation before the Workmen's Compensation Board, after his claim has been denied by a referee of that Board, constitutes fraud within the meaning of Section 4935, Kentucky Statutes, which authorizes the courts to set aside awards of compensation procured by fraud. The facts are as follows:

On March 22, 1937, the appellee, Taylor, filed with the Board his application for adjustment of his claim for compensation arising out, of injuries alleged to have been sustained by him while in appellant's employ on June 21, 1936. The claim was contested and the testimony in part was heard orally by a referee and completed by deposition. On June 21, 1938, an opinion was filed by the referee finding that the appellee, Taylor, had sustained no injury while in appellant's employ, and an order was entered dismissing his claim for compensation. On June 24th, the appellee, Taylor, through his attorney, Mr. J. L. Williams, moved for a Full Board Review, and on November 11th a "Supplemental Brief for Plaintiff" in support of the motion was filed with the Board. This brief was signed by the First Assistant Attorney General and Mr. Williams as attorneys for the appellee, Taylor, and contained a vigorous argument in support of his claim. On January 3, 1939, the Full Board in a lengthy opinion by the Hon. W. J. Fields reversed the findings of the referee and awarded the appellee, Taylor, compensation at the rate of $15 per week for twelve weeks for temporary total disability, and $5.40 per week for a period of 322 weeks for 45% of his total permanent disability, together with interest on past due instalments, and medical and hospital expenses. The award further stated that the remaining 45% of the appellee's total disability was the result of pre-existing disease. An appeal was prosecuted from this award to the Harlan Circuit Court, which refused to disturb the award of the Full Board, and from the judgment of that Court this appeal is prosecuted.

Although it is not seriously disputed that there was evidence of probative value, which, if true, supported the award of the Full Board, we are asked to reverse the

judgment of the Circuit Court upholding it because of the facts above outlined.

Sections 112-1, 112-2, 112-5, Kentucky Statutes, provides in substance that the Attorney General and his assistants shall attend to all litigation and legal business that any State officer may have in connection with or growing out of his official duty, and Section 4963, Kentucky Statutes, charges the Attorney General, or, under his direction, the Commonwealth's Attorney or County Attorney of any county, with the duty of instituting and prosecuting all necessary actions and proceedings for the enforcement of the Workmen's Compensation Act, and with the duty of defending all suits, actions or proceedings instituted against the Board or its members in their official capacity. The arguments of appellant's counsel are summarized in the paragraph of his brief immediately following his comments upon the provisions of the Statute last referred to:

"In appearing before the Workmen's Compensation Board in this case the Assistant Attorney General violated the duty imposed upon him under the Act and the Board in permitting and allowing him to appear in the case upon behalf of the appellee herein acted without and in excess of its powers and in violation of the duty imposed upon it under the Act. For these reasons, therefore, we insist that the conduct of the Assistant Attorney General in this case appearing upon behalf of the appellee before the Board and the Board in permitting him to so appear and allowing itself to be influenced by its own counsel, confidant, and adviser whose duty it was to advise and represent the Board, and it being the Board's duty to accept and respect such advice, amounts to an action on the part of the Board in this case without and in excess of its powers and amounts to fraud upon the part of the plaintiff in this case in procuring an award of the Full Board herein in his favor, and for these reasons the award of the Board is not in conformity with the provisions of the Workmen's Compensation Act."

It is contended by counsel for the appellee, Taylor, that in view of the provisions of Section 4935, Kentucky Statutes, that no additional evidence may be introduced in the Circuit Court except as to the fraud or miscon-

duct of some person engaged in the administration of the Act, this Court is without power to review the question of whether the appellee, Taylor, was guilty of fraud in employing an assistant attorney general to represent him. It may be true that the question whether a party to a compensation proceeding has committed fraud in the giving or procuring of false testimony is concluded by the finding of the Board on that question, and that the only fraud or misconduct in such a proceeding which is subject to review by this Court is fraud or misconduct on the part of some person engaged in the administration of the Act. Calloway et al. v. Octavia J. Coal Mining Co. et al., 271 Ky. 8, 111 S. W. (2d) 395. Nevertheless, if it had been shown that the official position occupied by the Assistant Attorney General, rather than the validity of the legal and factual arguments advanced by him, had influenced the members of the Board to make the award complained of, we would unhesitatingly set it aside, not only upon the ground that the party benefited had been guilty of fraud but because the members of the Board had been guilty of misconduct. However, no such case has been made out by the appellant. At the utmost, an impropriety has been shown, which, so far as the record discloses, did not affect the result.

Judgment affirmed.